# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA L. SOLIS, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-06852-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 9, 2018, Emma L. Solis ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on November 13, 2018. (Dkt. 13.) On January 29, 2019, the parties filed a Joint Submission Statement ("JSS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 63 year-old female who applied for Social Security Disability Insurance benefits on March 3, 2015, alleging disability beginning February 5, 2014. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 5, 2014, the alleged onset date. (AR 17.)

Plaintiff's claim was denied initially on July 10, 2015. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on March 23, 2017, in Norwalk, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") Kristan Cicero also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on May 11, 2017. (AR 15-24.) The Appeals Council denied review on June 11, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Submission Statement, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether Plaintiff has the requisite transferable skills to perform the jobs as identified by the Vocational Expert.
2. Whether the ALJ failed to comply with applicable law in finding that Plaintiff retains the residual functional capacity to perform light work and could perform her past relevant work as a payroll clerk.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

2

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 5, 2014, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease; right shoulder impairment; right wrist impairment; and right knee impairment. (AR 17-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19-20.)

The ALJ then found that Plaintiff has the RFC to perform less than the full range of light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. Claimant can stand/walk 6 hours in an 8 hour workday. Claimant can sit 6 hours in an 8 hour day. Claimant can occasionally perform above shoulder level work with the right upper extremity. Claimant can engage in occasional power grasping with the right wrist, otherwise Claimant can engage in frequent fine and gross manipulative activities bilaterally. Claimant can engage in occasional postural activities, but cannot climb ladders, ropes, or scaffolds. Claimant cannot work around unprotected heights or dangerous machinery. Claimant cannot engage in repetitive pushing or pulling of foot pedals or controls with the right lower extremity.

(AR 20-23.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a payroll clerk as actually and generally performed. (AR 23.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 23.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ's step four determination that Plaintiff can perform her past relevant work ("PRW") as a payroll clerk is also supported by substantial evidence.

## I. THE ALJ'S RFC FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff alleges disability due to degenerative disc disease, right shoulder impairment, right wrist impairment, and right knee impairment. (AR 17.) The ALJ found these impairments to be severe. (AR 17.) Notwithstanding these impairments, the ALJ found that Plaintiff could perform a restricted range of light work. (AR 20.) With this RFC, the ALJ determined at step four of the sequential process that Plaintiff could perform her PRW as a payroll clerk as actually and generally performed and, therefore, was not disabled. (AR 23.) Plaintiff challenges the ALJ's RFC and step four PRW findings.

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

Plaintiff's challenge to the ALJ's RFC lacks merit. Plaintiff performed her PRW at a light level of exertion, which requires lifting 20 pounds occasionally and a good deal of walking or standing. 20 C.F.R. § 404.1567(b). Thus, the ALJ found that Plaintiff could perform the occupation of payroll clerk as actually performed, consistent with the ALJ's less than light work RFC. (AR 20, 23.) Plaintiff, however, claims that she only is able to sit or stand for a short period of time and thus cannot perform light work. (JSS 5.) Even if this were true, the payroll occupation as generally performed requires only sedentary exertion. (AR 23, 51-52.) Thus, even if the ALJ had restricted Plaintiff to sedentary work, any error in the RFC determination would be harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).

The evidence in the record, moreover, supports the ALJ's less than light work RFC. Radiology of the cervical spine indicated only mild degenerative changes for which the Claimant received only mild and conservative treatment in the form of pain medication and physical therapy. (AR 21.) Examinations in 2015 and 2016 indicated some reduced range of motion in the neck and back, but normal gait and normal motor strength. (AR 21.) The ALJ found that a reduced light work RFC accounts for Plaintiff's condition. (AR 21.)

The medical evidence indicates a right shoulder impairment. (AR 21.) Plaintiff had arthroscopic surgery for tendonitis in February 2014 but improved after surgery. (AR 21.) The consulting examiner found Claimant would be able to lift 20 pounds occasionally. (AR 21.) Plaintiff was treated conservatively with only physical therapy and medication. (AR 21.) An X-ray of the shoulder in 2016 was unremarkable. (AR 21.) Again, the ALJ determined that a less than light work RFC with a restriction to occasional right above shoulder work accounts for this condition. (AR 21.)

The record medical evidence also indicates a right wrist impairment. (AR 21.) Plaintiff has decreased sensation in three right fingers and reduced grip strength. (AR 21.) The consultant found that Claimant could only occasionally power grasp with the right wrist but could otherwise use the hands frequently for fine and gross manipulative activities. (AR 21.) In October 2016, Claimant had 5/5 motor strength in her bilateral wrists and in her hand grip. (AR 22.) She only uses ibuprofen and ointments. (AR 22.) The ALJ found that the RFC restrictions for the right wrist and bilateral hands account for these conditions. (AR 22.)

Plaintiff also has a right knee impairment. (AR 22.) Plaintiff has moderate degenerative changes in the right knee but had 5/5 motor strength in the knees in October 2016. (AR 22.) Plaintiff received very conservative treatment. (AR 22.) The ALJ found that the Claimant's reduced light work RFC accounts for this condition. (AR 22.)

Plaintiff contends that there is no credible evidence in the record to contradict Claimant's testimony that she was only able to sit or stand for a short period. This assertion is plainly untrue. The above objective evidence contradicts that assertion. So does the opinion of the consulting examiner Dr. H. H. Bleecker who found that Plaintiff would have a reduced light work

residual RFC. (AR 22.) The ALJ also relied on an RFC with occasional reaching above the right shoulder. (AR 22.) Plaintiff did not address or discuss any of the medical evidence cited by the ALJ.

Additionally, the ALJ determined that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) The ALJ found that the Claimant's statements are not consistent with or supported by the objective medical evidence. (AR 22.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005.) The ALJ also found that Plaintiff received mild and conservative treatment for her musculoskeletal conditions. (AR 21-22.) An ALJ may consider conservative treatment in evaluating a claimant's subjective symptom allegations. Tommasetti, 533 F.3d at 1039. The ALJ further found that Plaintiff's daily activities are inconsistent with disabling limitations. (AR 22.) Inconsistent activities are a legitimate consideration in evaluating subjective symptom allegations. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ also found that Plaintiff's mental impairment of depression with anxiety was not severe. (AR 18-19.) Once again, Plaintiff did not address or discuss the ALJ's adverse ruling on her subjective symptom allegations.

Plaintiff challenges the ALJ's RFC but it is the ALJ's responsibility to resolve conflicts in the evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's RFC is supported by substantial evidence.

## II. THE ALJ'S STEP FOUR PRW FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ at step four of the sequential process determined that Plaintiff could perform her PRW as a payroll clerk as actually and generally performed. (AR 23.) In finding that Plaintiff could perform her PRW as a payroll clerk (DOT 215.382-014), the ALJ relied on the

testimony of a VE, who stated that a person with Plaintiff's less than light work RFC could perform that occupation as actually and generally performed. (AR 23, 51-53.) See SSR 82.61 (claimant not disabled if he or she can perform PRW as actually or generally performed). The VE also testified that, according to the Dictionary of Occupational Titles ("DOT"), the occupation generally required sedentary exertion but light exertion as Plaintiff actually performed the job. (AR 51.) The VE's testimony is consistent with the DOT, which describes the payroll clerk occupation as "sedentary," involving exerting up to 10 pounds occasionally, as well as sitting most of the time but walking and standing for brief periods. See 1991 WL 671908. Plaintiff does not identify any conflict between the VE's testimony and the DOT. See SSR 00-4p. The DOT job description and the VE's testimony are substantial evidence supporting the ALJ's step four PRW determination. See 20 C.F.R. § 404.1566(d)-(e).

Plaintiff worked as a payroll clerk from 1989 to 2005. (JSS 3.) The DOT (215.382-014) job description for a payroll clerk includes:

> Compiles payroll data, and enters data or computes and posts wages, and reconciles errors, to maintain payroll records, using computer or calculator: Compiles payroll data, such as hours worked, sales or piecework, taxes, insurance, and union dues to be withheld, and employee identification number, from time sheets and other records. Prepares computer input forms, enters data into computer files, or computes wages and deductions, using calculator, and posts to payroll records. Reviews wages computed and corrects errors to ensure accuracy of payroll. Records changes affecting net wages, such as exemptions, insurance coverage, and loan payments for each employee to update master payroll records. Records data concerning transfer of employees between departments. May prorate expenses to be debited or credited to each department for cost accounting records. May prepare periodic reports of earnings, taxes, and deductions. May keep records of leave pay and nontaxable wages. May prepare and issue paychecks.

1991 WL 671908. The occupation is sedentary with a Reasoning Level of 4, a Math level of 3 and a Language Level (Reading) of 3.

Plaintiff contends that the job of a payroll clerk has become more complicated than the 1988 DOT job description. She claims that she lacks the requisite transferable skills to perform the enhanced requirements of the payroll clerk. Plaintiff's contention that she does not have the skills to perform the payroll clerk occupation is based on a non-governmental career recruitment website, Accounting Jobs Today. The ALJ, however, was not bound to follow such job descriptions. Plaintiff presents no legal authority requiring the ALJ to do so. Plaintiff, moreover, states in a conclusory manner she does not have the skills to meet the current demands of the payroll clerk but does not explain why that is so. She also fails to identify what limitations in her RFC prevented her from performing the duties of the payroll clerk occupation or even what skills she cannot perform. She provided no vocational analysis and never raised the issue of a change in skills for the occupation with the VE at the hearing. To the extent Plaintiff claims that she cannot perform the light level exertion in the RFC, the Court already has ruled that this contention is contrary to the medical and other evidence of record. Additionally, the payroll clerk job as generally performed is sedentary. (AR 23.) To the extent she claims that she cannot perform the payroll clerk occupation mentally, the ALJ found that Plaintiff does not have a severe mental impairment and imposed no mental limitation in Plaintiff's RFC. (AR 18-19.) Additionally, the consulting psychiatric examiner Dr. Ashraf Elmashet opined Plaintiff could perform detailed and complex instructions. (AR 18-19, 2636.) Plaintiff does not discuss or address the record evidence regarding her mental impairments.

The VE found that Plaintiff has no transferable skills. (AR 53.) The VE's finding, however, is immaterial. At step four of the sequential process, the ALJ does not consider transferable skills when considering whether a claimant can perform his or her PRW. 20 C.F.R. § 404.1560(b)(3); see also POMS DI 25005.001C ("when evaluating a claimant's ability to do PRW, do not consider . . . transferability of skills"). Transferability of skills is a consideration at step five of the sequential process in determining whether the claimant obtained job skills that would assist the claimant in performing other work. 20 C.F.R. §

404.1568. Here, the ALJ at step four of the sequential process determined that Plaintiff could perform her PRW and never made nor needed to make any finding regarding transferability of skills only relevant at the fifth step of the sequential process. The question as Plaintiff posed it, whether she has transferable skills to perform the jobs identified by the VE, is inapplicable here. See Seat v. Astrue, 2013 WL 328513, at *5 (E.D. Wash. Jan. 28, 2013) ("'Special rules' for persons closely approaching retirement age concern the transferability of skills in a step five analysis . . . . Since the ALJ found Plaintiff could return to her past relevant work as a hairdresser at step four, transferability of skills is not an issue.")

As already noted, a claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Here, Plaintiff did not carry her burden to prove that she cannot perform her PRW as a payroll clerk.

The ALJ's finding that Plaintiff can perform her PRW as a payroll clerk as actually and generally performed is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 6, 2019

        */s/ John E. McDermott*
        JOHN E. MCDERMOTT
        UNITED STATES MAGISTRATE JUDGE